# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                    Case Number: 21-20027-JAR-02

ZARION BUTLER,

           Defendant.

## MEMORANDUM & ORDER

This matter comes before the court on defendant Zarion Butler's Emergency Motion to Reopen Detention Hearing. (ECF 68.) By way of this motion, Butler asks the court to reopen detention pursuant to 18 U.S.C. § 3142(f)(2) so that he can attend his father's funeral service and burial on May 17, 2022, at Highland Park Cemetery in Kansas City, Kansas.

By way of background, the indictment charges Butler in Count 1 with using a deadly weapon to forcibly assault federal officers—specifically, seven individuals who were ATF Special Agents or federally deputized task force officers while they were engaged in the performance of their official duties; and in Count 2 with using, carrying, and discharging firearms in furtherance of the crime of violence charged in Count 1. After Butler was arrested, the court held a contested detention hearing on June 16, 2021. The court ordered him to be detained pending trial based on its finding that the government had shown by clear and convincing evidence that no conditions of release would reasonably assure the safety of any other person and the community. (ECF 11.) Among other things, the court relied on the nature of the instant offense; the strong weight of the evidence against Butler, including significant cumulative evidence; that he is subject to a lengthy period of incarceration if he is convicted; his participation in criminal activity while on probation,

parole, or supervision; his prior violations of probation, parole, or supervised release; and Pretrial Services' recommendation. (*Id.*)

As stated above, Butler now asks the court to reopen detention pursuant to 18 U.S.C. § 3142(f)(2) so that he can attend his father's funeral. The court may reopen detention

> at any time before trial if the judicial officer finds that [1] information exists that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person in the community.

18 U.S.C. § 3142(f)(2). Here, Butler relies on new information that was not known to him at the time of the hearing—namely, his father's death and funeral. However, his motion does not address how that information has a material bearing on whether there are conditions of release that will reasonably assure the safety of others if the court were to release him to attend the funeral. The court already found that he is a danger to the community, and his stated desire to attend his father's funeral does nothing to mitigate that risk. Accordingly, Butler has not made the showing necessary for the court to reopen detention pursuant to § 3142(f).

The court notes that it has also considered Butler's request for temporary release under 18 U.S.C. § 3142(i), even though his motion does not expressly invoke that statutory subsection. That statute authorizes the court to temporarily release a pretrial detainee if "necessary . . . for another compelling reason." § 3142(i). The court is sympathetic to Butler for the loss of his father. But it is not unusual for defendants in federal custody to miss out on significant life events, including funerals of close family members. Therefore, this consideration alone does not present a "compelling reason" for which it is "necessary" for the court to temporarily release a pretrial

detainee. The court therefore finds that Butler has not established that his temporary release is warranted under § 3142(i).

**IT IS THEREFORE ORDERED** that Butler's Motion to Reopen Detention Hearing (ECF 68) is denied.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2022.

s/Angel D. Mitchell<br>
Angel D. Mitchell<br>
United States Magistrate Judge